■ MICHELINA VALLE, Appellant, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.— Order unanimously reversed, with costs, and motion denied. Memorandum: In this action to recover the face amount of an insurance policy on the life of her husband, appellant wife appeals from an order of Special Term directing a trial without jury of the so-called equitable issues raised in defendant-respondent's counterclaim and staying the trial of the issues of law raised by the complaint. The action was commenced by service of a summons on December 18, 1961. Issue was joined by service of the answer on April 8, 1963 and a note of issue, with jury demanded, was filed for the December 2, 1963 Trial Term of the court. Defendant did not move against the note of issue until it secured an order to show cause returnable on June 9, 1964 in which, for the first time, it requested that the issues raised by defendant's counterclaim be referred to a term of the court for trial of equity causes and that the other issues, except for said counterclaim, be stayed pending the determination of the issues raised by the counterclaim. The failure of the defendant-respondent to have taken any action for this long period of time until the service of the order to show cause was an inordinate delay and a waiver of its right at this late date to secure a separate trial of the issue on the counterclaim. "As a general proposition, the beneficiary of a life insurance policy is entitled to a trial by jury as a matter of right, but, it is clear, the beneficiary may lose such right by a resort to dilatory tactics." (*Phoenix Mut. Life Ins. Co.* v. *Conway*, 11 N Y 2d 367, 371.) The cited case is the reverse of the situation in the case at bar. The defendant-respondent failed to take prompt action and waited until two years after the commencement of the action and more than six months after the filing of the note of issue when trial was imminent before moving for separate trial. Under the facts presented by this record the order of the court denying the plaintiff's right to a jury trial was an improvident exercise of discretion. Defendant was guilty of such dilatory tactics as to bar it from making its motion on the eve of the trial (see *Geddes* v. *Rosen*, 22 A D 2d 394). Williams, P. J., concurs only because of defendant's delay in moving for a separate trial. (Appeal from order of Monroe Special Term directing that equitable issues raised by defendant's counterclaim in its answer and plaintiff's reply be first tried by court and staying the trial.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ RODERICK D. HEDLEY, an Infant, by HILDA HEDLEY, His Guardian ad Litem, Appellant, v. KENNETH G. HEDLEY, JR., Respondent.— Judgment unanimously reversed on the law and the facts, with costs, and judgment granted plaintiff directing specific performance. Memorandum: The parties entered into a written agreement which was drafted without the aid of attorneys. Although the instrument contained some surplus language, the intention of the parties was sufficiently clear. By its terms appellant secured an option to purchase respondent's interest in a copartnership, which option was, after various extensions of time, exercised by appellant's acceptance. Respondent's real reason for refusing to perform specifically by transferring his interest to appellant was his demand that appellant increase the consideration provided for in the option. The instrument was a valid contract to sell; appellant tendered the $5,000 consideration, and respondent therefore is obligated to transfer and assign his copartnership interest to appellant upon payment of that sum (see *Silverstein* v. *Cerebral Palsy Assn.*, 17 A D 2d 160). (Appeal from judgment of Niagara Trial Term dismissing the complaint.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.